**E-FILED**

Wednesday, 27 February, 2008  12:13:06 PM

Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK L. NEFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 96-1213 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

This matter now is before the Court on Petitioner Mark L. Neff's Motion to Reopen His § 2255 Motion pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons set forth below, the Motion to Reopen [#19] is DISMISSED FOR LACK OF JURISDICTION.

### BACKGROUND

In August 1994, this Court sentenced Neff to a term of 252 months imprisonment after he was convicted of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and sentenced under § 924(e)(1) as an armed career criminal.  Neff was classified as a career offender under U.S.S.G. § 4B1.4 and had an offense level of 33 and a criminal history category V, which carried a guideline range of 210-262 months.

Neff appealed his conviction to the Court of Appeals for the Seventh Circuit challenging the denial of his motion to suppress evidence.  In July 1995, the Seventh Circuit affirmed this Court's decision.  *See United States v. Neff*, 61 F.3d 906, 1995 WL 428175 (7th Cir. 1995) (unpublished).

In April 1996, Neff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, he raised three issues: (1) this Court improperly classified him as an armed career criminal pursuant to 18 U.S.C. § 924(e); (2) Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g); and (3) appellate counsel provided ineffective assistance on Neff's direct appeal by not raising the first two issues.  Neff's Motion was denied in its entirety on July 30, 1996.  The Seventh Circuit affirmed on October 14, 1997.  *See Neff v. United States*, 129 F.3d 119, 1997 WL 661137 (7th Cir. 1997) (unpublished).

In November 2004, Neff filed a Petition for Common Law Writ of Habeas Corpus Ad Subjiciendum alleging the Court lacked venue and jurisdiction over his criminal conviction. The Court recharacterized this Petition as a § 2255 Motion and dismissed it for lack of jurisdiction because Neff did not receive authorization from the Seventh Circuit to bring a second or successive § 2255 Motion.

In December 2005, Neff filed a Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure asking this Court to review his sentence and the guideline under which he was sentenced.  The Court recharacterized this Motion as a § 2255 Motion and dismissed it for lack of jurisdiction because Neff did not receive authorization from the Seventh Circuit to bring a second or successive § 2255 Motion.

In June 2005 and April 2006, Neff filed Motions to Modify Sentence pursuant to 18 U.S.C. § 3582 contending that his sentence should be reduced because certain amendments to the Sentencing Guidelines applied to his case.  The Court denied both Motions.

In February 2007, Neff filed a Motion for Writ of Error Audita Querela alleging ineffective assistance of counsel and making other collateral attacks on his sentence.  The Court recharacterized this Motion as a § 2255 Motion and dismissed it for lack of jurisdiction because Neff did not receive authorization from the Seventh Circuit to bring a second or successive § 2255 Motion.

Now Neff moves the Court to reopen his § 2255 Motion pursuant to Federal Rule of Civil Procedure 60(b).  Neff argues that his sentence was miscalculated and should be reduced because certain amendments to the Sentencing Guidelines apply to his case.  This Order follows.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 limits the Court's ability to review second or successive petitions arising under 28 U.S.C. § 2255.  The current statute states in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  As amended, § 2244 states in relevant part:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3).

In *Burris v. Parke*, 1360 F.3d 782 (7th Cir. 1997), the Seventh Circuit addressed attempts by habeas petitioners to circumvent the requirements of § 2244(b) by filing post-judgment motions. The Court unambiguously held that a post-judgment motion under Rule 60(b) is a second or successive application for purposes of § 2244(b). *Id.* at 783. Without this holding, the requirements and limitations imposed by the AEDPA would be ineffectual because the petitioner could "restyle his request as a motion for reconsideration in the initial collateral attack and proceed as if the AEDPA did not exist." *Id.*

Neff's Motion to Reopen is the type of restyling that the Seventh Circuit rejected in *Burris*. This Motion is another disingenuous attempt, in a long history of attempts, to circumvent the procedural requirements concerning successive petitions for collateral relief, which require that he first petition the Court of Appeals for an order authorizing this Court to consider the application. Accordingly, this Court may not consider Neff's petition until he obtains such an order from the Court of Appeals for the Seventh Circuit, and his petition is dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set forth herein, the Motion to Reopen [#19] is DISMISSED FOR LACK OF JURISDICTION.

- 5 -

ENTERED this 27th day of February, 2008.


/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge